MAHAN v. BREEN et.

Ohio Appeals, 4th Dist., Ross Co.

Decided July 12, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

85. APPEAL—542. Foreclosure—887. Parties.

Where action is not for judgment against makers of note, but simply for a finding of the amount due, and, on such finding, a foreclosure of mortgage, such action is one in equity, and is appealable. Makers of note are necessary and proper parties to such action.

Appeal from Common Pleas.

Decree for plaintiff.

Luther B. Yaple and Garrett S. Claypool, Chillicothe, Mahan.

Walter W. Boulger, Chillicothe, for Breen et.

FULL TEXT.

THOMAS, J.

This case is before the court on appeal from the Court of Common Pleas. The action is in foreclosure of a mortgage given by Mayme Breen to secure a promissory note given by the other defendants, John M. and Agnes Breen. The execution of the note and mortgage is admitted. The note was subsequently assigned by the payee to the plaintiff, James C. Mahan. From the pleadings it therefore appears that the burden rests on the defendants to make a legal defense.

It is claimed on behalf of the defendants that the case is not appealable. Many authorities have been cited in support of this contention. From an examination of all the authorities submitted by counsel on both sides it appears that the law on this question in Ohio is not clearly and definitely determined. The constitution of the state provides for appeal in equity cases. One of the questions to be determined in the case is whether it is one in equity or at law. The plaintiff is not asking for judgment against the makers of the note, but simply a finding of the amount due on the note and that on such finding a foreclosure of the mortgage. Our conclusion is that the petition is one in equity. The principal relief is a foreclosure and the finding prayed for is incidental thereto.

A motion to dismiss the defendants, John and Agnes Breen, has been interposed on the ground that they are not proper and necessary parties to the action. The argument in support of this contention supports the conclusion on the first proposition. However, we are of the opinion that they are proper and necessary parties. The foreclosure is based on a default of payment of the note and a finding against the makers must be made. They must be brought into court by the petition.

Such findings on the second proposition preclude the defendants from testifying, under the provisions of the statute. However, if their evidence were competent it is not sufficient to establish a defense. The testimony of the defendant, James Breen, shows a valid consideration for the execution of the note and mortgage, that he was indebted to the Hamilton Coal and Coke Company in the amount of the note and mortgage; that he had subsequent dealings with the company and became further indebted to it. At one time he transferred to the payee a promissory note in the sum of sixteen hundred dollars given by C. E. Brown, the proceeds of which when collected were to be applied on the note sued on. This note proved to be uncollectible and was returned to Breen. A claim against the B. and O. Railroad Company was to be collected by the parties and the proceeds thus applied. Some junk was to be disposed of in this manner but nothing seems to have been realized on it. Finally the makers of the note undertook to purchase it from the holder. On page 23 of the record the defendant, Breen, testified that he was making arrangements to purchase the note. He says:

"At the time we got everything arranged we found Mr. Mahan had the note.

"I hadn't said anything to him. I said too much to Mr. Mahan. Mr. Mahan went up and got it."

Thus it clearly appears that at the time when the plaintiff purchased the note the defendant, James Breen, recognized its validity and that it had not been paid.

The finding of the court is for the plaintiff. Judgment accordingly.

(Middleton, PJ., and Mauck, J., concur.)